**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JEREMY JAMES RUMMEL, Defendant-Appellant. | No. 19-30091 D.C. No. 6:18-cr-00015-SEH-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jeremy James Rummel appeals from the district court's judgment and

challenges the 230-month sentence imposed following his guilty-plea conviction

for possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The government contends that this appeal is barred by a valid appeal waiver in the parties' plea agreement. Rummel argues that the waiver is unenforceable because the district court violated his right to due process by implicitly basing the sentence on the number of attorneys appointed to represent him during the course of the district court proceedings, thereby rendering his sentence unconstitutional. We review the enforceability of a waiver de novo. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Because the record shows that the district court's comments regarding appointed counsel had no bearing on the sentence imposed, we reject Rummel's contention that his sentence is unconstitutional and we dismiss pursuant to the valid appeal waiver. *See id.* at 977-78.

**DISMISSED.**